HERMAN A. STRUEBING, Appellant, v. JOHN C. STEVENSON,
Appellee.

**Breach of warranty:** INSTRUCTION: DETERMINATION OF APPLICABILITY.
. The correctness of an instruction cannot always be determined
by the pleadings alone, but reference must be had to the evidence
and issues contested upon the trial.

*Appeal from Buchanan District Court.*— HON. F. C. PLATT,
Judge.

THURSDAY, NOVEMBER 16, 1906.

ACTION at law for damages for alleged breach of war-
ranty and false representations in sale of a herd of cows.
Verdict and judgment for defendant, and plaintiff appeals.
— *Affirmed.*

*C. E. Ransier* and *M. W. Harmon,* for appellant.

*E. E. Hasner,* for appellee.

WEAVER, J.   On March 26, 1902, the defendant sold
to the plaintiff a herd of thirty-two Shorthorn cows and heif-
ers.   In this action plaintiff charges that the cows were ex-
pressly warranted to be all right, suitable for breeding pur-
poses, regular breeders, and that twenty-two head of them
were with calf by a certain thoroughbred bull known as " Red
Goldfinder."   In a second count of his petition he charges
that defendant falsely represented the cows to be as above
stated, and that in violation of said warranty, and contrary to
said representations, the cows, or many of them, were and
had been sick of an obscure disease known as " contagious
abortion," were not suitable for use for breeding purposes,

and were not with calf by Red Goldfinder, to the great loss
and damage of the plaintiff.    The defendant took issue upon
the allegations of warranty and false representations, and
the verdict was in his favor.  Counsel for appellant do not
contend that the verdict is without support in the testimony,
but argue that the trial court erred in its instructions to the
jury and in refusing other instructions asked.    Only two
propositions are relied upon for a reversal.

I.    It is said that the court, in the second paragraph
of its instructions, erroneously told the jury in substance
that, if plaintiff had failed to prove the alleged diseased con-
dition of the cows at the time of their purchase, he could
recover nothing from the defendant.    This it is said unduly
narrowed the issues, because the alleged warranty went be-
yond the matter of disease and assured the plaintiff that the
cows were suitable for breeding purposes and were with calf
by Red Goldfinder.    If we were to pass upon this paragraph
alone as applied to issues joined in the pleadings, there
would be an appearance of merit in the objection here made.
But the appropriateness of instructions cannot be determined
by the pleadings alone, for reference must be had also to the
testimony introduced and to the issues actually contested
upon the trial.

Counsel have not seen fit to abstract all the evidence,
but, taking it as given and referring to the transcript which
has been certified to this court, it quite clearly appears that
the alleged diseased condition of the cows was the one cen-
tral fact upon which plaintiff relied as a breach of the al-
leged warranty, and that the unsuitableness or unfitness of
the cows or some of them for breeding purposes was put for-
ward not as an additional ground of recovery, but as showing
the deleterious and damaging effects of the disease above
referred to.    This feature of the trial is further emphasized
by the fact that in all of the several instructions asked by
the plaintiff his right to recover was based, first, upon the
warranty or representations, and, second, upon the diseased

or unsound condition of the cows. Moreover, it should be said that in another part of the charge the court correctly stated what facts were essential to constitute a warranty, and the jury by a special verdict found that no warranty had been established. Of the alleged warranty that the cows were with calf by Red Goldfinder, we think the abstracts disclose no testimony which would have justified a verdict in the plaintiff's favor. We find, therefore, no prejudicial error in the above-mentioned paragraph of the court's instructions to the jury.

II. The appellant further insists that the trial court erred in charging the jury that a representation by the plaintiff that the cows were sound would not render him liable for false representations, unless he knew them to be unsound, and in refusing to charge that such liability would arise if defendant had reason to believe that such unsoundness existed and concealed such knowledge from the plaintiff. We find it unnecessary to decide the question thus raised. We have carefully examined the abstracts and find no evidence tending to show that the cows were diseased at the time of the sale, or, if they were diseased, that defendant knew, or ought to have known, of the fact, and a verdict for the plaintiff could have been sustained on neither theory of the law.

For the reasons stated, the judgment of the district court is *affirmed*.