LIBBIE AKEN, v. J. E. CLARK, Appellant.

**Corporations:** SALE OF STOCK: CONTRACT TO RESELL: TENDER. Where
1  the seller of corporate stock agreed unconditionally to resell the same for the purchaser within a specified time so as to net a certain amount, the seller was liable under his contract, although the stock was never tendered to him but remained the property and in the possession of the purchaser until the time of the trial.

**Same:** COMPUTATION OF DAMAGES: HARMLESS ERROR Where it clearly
2  appeared that before this action for damages, because of defendant's failure to resell the corporate stock purchased by plaintiff as agreed, was brought, the property of the corporation had all been disposed of and a nominal dividend declared, and that the stock at the time of the trial was valueless, failure to take into consideration the dividend received by plaintiff in estimating the damages was not prejudicial error.

**Same:** FAILURE TO PERFORM CONTRACT: ESTOPPEL. Where the seller

of corporate stock unconditionally agreed to resell the same within a specified time and for not less than a specified price, his liability under the contract was not affected by the fact that the purchaser might have sold the same within such time and for such a price. And the fact that the purchaser was at one time satisfied with the purchase and desired to secure a dividend supposed to have been declared before parting with the stock, was immaterial on the question of the seller's liability under his contract to resell.

**Same:** CONTRACTS: CONSIDERATION. Where a purchaser of corporate stock bought the same on condition that the seller would resell the same, there was a consideration for the contract to resell in the detriment incurred by going into the transaction, and it was not necessary for the seller to derive a pecuniary profit from the resale to support his contract.

**Evidence:** CORPORATE STOCK: VALUE. One who has investigated the property of a corporation and had a knowledge of sales of its stock is competent to express an opinion as to the value of the stock, especially where it appeared that the same had no market value at the time in question.

**New trial:** MISCONDUCT OF COUNSEL: REVIEW. Where a motion for a new trial on the ground of misconduct of counsel was in effect overruled by the entry of judgment, but no exceptions were preserved save a general exception to the judgment, the court's action in refusing a new trial on that ground will not be reviewed.

**Same.** The fact that counsel in argument exhibited to the jury the stock in question, tendered the same to defendant and stated that it was worthless, did not amount to misconduct, in view of the uncontradicted evidence that the same was in fact worthless, and the instruction of the court that if it was found to have any value the same should be considered in determining plaintiff's damages.

**Same:** MISCONDUCT OF JURORS. The court's refusal to grant a new trial for the alleged misconduct of jurors will not be reviewed on appeal where no exception to the ruling is preserved.

**Same.** Where the affidavits of jurors submitted for the purpose of showing misconduct of the jury are conflicting, the question of granting a new trial on that ground was discretionary with the court, and its ruling will not be disturbed on appeal.

*Appeal from Hamilton District Court.*—HON. ROBERT M. WRIGHT, Judge.

TUESDAY, NOVEMBER 23, 1910.

REHEARING DENIED, TUESDAY, MARCH 15, 1910.

ACTION to recover damages for failure of defendant to perform a written contract for the sale of certain shares of corporate stock belonging to the plaintiff. There was a verdict for the plaintiff, and from the judgment thereon defendant appeals.—*Affirmed.*

*D. C. Chase,* for appellant.

*Boeye & Henderson,* for appellee.

McCLAIN, J.—Plaintiff alleged in her petition the purchase through defendant, as officer and agent of the La Cruz Plantation Company, of fifteen shares of the capital stock of said company of the par value of $100 per share, and that defendant, as a part of the transaction, executed and delivered to her the following written statement: "Webster City, Iowa, June 8, 1903. I hereby agree to sell or cause to be sold for Mrs. Aken, fifteen shares of the stock known as the La Cruz Plantation Company stock, to net her seventy-five cents on the dollar, within one year from date. J. E. Clark." She further alleged demand on defendant, within the time specified in the contract, of the performance thereof, and failure of defendant to perform, and that at all times since the purchase of said stock it has been worthless and of no value. Recovery of damages in the sum of $1,125 was asked. A demurrer to the petition having been overruled, defendant in answer admitted the execution of the writing, but denied consideration, and substantially denied the other allegations of the petition.

The evidence tended to show that defendant solicited plaintiff to purchase shares in the first $60,000 of stock to be issued by the plantation company under an arrange-

ment by which purchasers of such shares at their par
value should receive from the promoters twice as many
shares in addition without extra compensation or liability,
although plaintiff understood that she was to have the
shares at the uniform price of one-third of their par
value; that defendant told plaintiff he had recently
doubled his money by investing in a similar corporation
and subsequently selling his stock therein, and repre-
sented that he believed plaintiff could make a like profit
by the investment which he proposed to her; that plaintiff
expressed reluctance to take stock in the corporation be-
cause she was not in situation to sell the stock if she had
it, whereupon defendant proposed that he would sell the
stock for her; that plaintiff then agreed to invest $500 in
said stock on defendant's guaranty that he would sell it
for her; and that thereupon the stock was purchased and
paid for, and the written statement sued on was executed
by defendant. The testimony of plaintiff also tended to
show that on several occasions during the year following
the purchase of the stock she spoke to defendant about
selling the stock for her, but that no further offer on his
part to carry out the written agreement was made, and that
the stock was not sold. The testimony of another witness
tended to show that for four years after the expiration of
the time specified in the contract the stock was worth
about fifteen cents per share, and that at the time of the
trial it was of no value. There was no other evidence
as to the value of the stock after the expiration of the time
named in the contract.

The court instructed the jury that if it found defend-
ant to have refused or neglected to make sale of plaintiff's
stock during the time named in the contract,
1. CORPORATIONS: though requested to do so, and that the value
sale of stock:
contract to of the stock at that time was less than
resell: ten-
der. seventy-five cents on the dollar, and that
at the time of the trial its value was less than the price

specified with interest, then, in estimating plaintiff's damages, it should find the money value of plaintiff's stock at the expiration of the time fixed in the contract for its sale, and deduct that value from $1,125, and compute interest on the balance at six percent and return a verdict for that amount. To this instruction it is objected, first, that plaintiff was allowed to recover damages for failure of defendant to sell plaintiff's stock, although it appeared that the stock was never tendered to defendant and remained her property until the time of trial. We find nothing in the contract requiring a tender of the stock by plaintiff to defendant for sale. Defendant's obligation was to make the sale regardless of any demand or tender by plaintiff, and the circumstances under which the contract was executed, as the evidence tends to show, were such as to indicate that this contract was unconditional. Under it, the defendant had authority to sell the plaintiff's stock, and it was his unconditional duty to do so, unless such authority was revoked; and there is no evidence of such revocation. Retention of possession of the stock by plaintiff until the time of trial was therefore immaterial, unless it had some value which should be set off as against the damages which plaintiff sought to recover.

It clearly appears, not only from the testimony of the only witness who testified on the subject, but also from the fact shown in evidence, that, before the case

2. SAME: computation of damages: harmless error.

was tried, the corporation had disposed of all its property, divided the proceeds by a one percent dividend to its stockholders, and that the stock was valueless when the case was tried. No point is made as to the failure to deduct this one percent dividend from the amount of plaintiff's damages, and, as she was by the jury allowed only $707 by way of damages, it clearly appears that there was no prejudicial error in this respect.

We can not agree to the proposition of counsel for

defendant made in this connection, that if plaintiff might during the time contemplated in the contract have sold her stock for more than seventy-five cents on the dollar, she is estopped from claiming damages for the breach of the contract. She was under no obligation to sell her stock, but had contracted with defendant to sell it for her during the year, presumably at whatever it would bring, not less than seventy-five cents on the dollar, and she was entitled to rely on this contract. Evidence that plaintiff was for a time well satisfied with her purchase, and that she desired to secure a dividend which she supposed to have been declared before parting with her stock, was immaterial, in the absence of any evidence of revocation of the contract. If a dividend had in fact been declared before her stock was sold by defendant, she would be entitled to such dividend; the contract being for the sale of stock, and not for the realization of specified profits on the transaction.

*3. SAME: failure to perform contract: estoppel.*

Want of consideration for the contract was pleaded by defendant, and is urged in argument, but it is too clear to justify the citation of authorities that, if plaintiff purchased the stock on the condition that defendant would enter into the written contract set out, then there was a consideration for the written contract in the detriment incurred by plaintiff in going into the transaction for the purchase of her stock. It was not necessary that defendant should have been in a situation to derive any pecuniary benefit from entering into such contract.

*4. SAME: contracts: consideration.*

Exceptions were taken to the action of the court in overruling objections to questions asked of the witness who testified as to the value of the stock, on the ground that he did not show his competency to express an opinion as to such value. The witness testified that he had examined the property of the company and knew about sales of its stock, and he

*5. EVIDENCE: corporate stock: value.*

was therefore competent to express an opinion as to its value, especially in view of the fact that it clearly appears the stock had no market value from the expiration of the period specified in the contract until the time when the case was tried.

By a special bill of exceptions it was made to appear that during the closing argument to the jury, counsel having plaintiff's certificates of stock in his possession tendered them to the defendant, asserting that they were worthless. The court was not asked at the time to make any ruling with reference to this conduct of defendant's counsel, and it is only material as bearing on the action of the court in overruling a motion for a new trial in which such misconduct was stated as a ground therefor. It does not appear from the record that any ruling on this motion was made, or that any exception was taken with reference thereto. The motion was, in fact, overruled by the subsequent entry of judgment, but, as no exception was in any way preserved save the general exception to the judgment, no question is presented to us for consideration.

6. NEW TRIAL: misconduct of counsel: review.

But, aside from this, it is clear that the alleged misconduct was not such as to have affected the result, in view of the uncontroverted evidence that the stock was in fact worthless, and the instruction of the court, under which, if it was found to have any value, that value should be considered in estimating plaintiff's damages.

7. SAME.

Misconduct of the jury in arriving at the amount of of their verdict was also urged in a motion for a new trial. Affidavits of jurors were submitted to the court as tending to show such misconduct, but, as no exception was in any way preserved, we have nothing to consider.

8. SAME: misconduct of jurors.

Even if the question were properly before us, we should be compelled to say that, in view of the conflict in

the affidavits of jurors as to how the amount of the verdict was in fact determined, the action of the trial court in refusing to set aside the verdict for misconduct of jurors was within the reasonable exercise of its discretion, and we would not be justified in interfering.

9. SAME.

Appellant's motion, submitted with the case, to strike appellee's amendment to abstract, is overruled.

The judgment is *affirmed.*