STATE OF IOWA, Appellee, v. L. A. LOUNSBURY, Appellant.

CRIMINAL LAW: Trial—Harmless Error—Remarks of Counsel.
1  Error may not be predicated on statements of counsel as to matters of fact patent to the jury. So held where counsel for the State remarked to the jury that the arguments for the State were being taken down by the reporter.

CRIMINAL LAW: New Trial—Objectionable Argument—Belated
2  Objections. Objections to argumentative statements are too late when made for the first time in a motion for new trial.

CRIMINAL LAW: Trial—Improper Reception of Evidence—With-
3  drawal—Effect. The withdrawal of improperly received evidence, with instruction to the jury to disregard the same, ordinarily cures all error in the original reception.

CRIMINAL LAW: Trial—Private Assistant to County Attorney—
4  Prohibition. A privately employed attorney may assist the county attorney in the trial of a criminal action, even though, at a time prior to his connection with such criminal action, such assisting attorney had been interested in a civil action which involved the matters and things involved in the criminal action, but had

severed all connection with such civil action prior to any connection with the criminal action. It is a *present* interest which disqualifies. (Section 305, Code, 1897.)

**CRIMINAL LAW**: Trial—Private Assistant to County Attorney—Failure to Move for Exclusion. Failure, in the trial of a criminal action, to apply to the *trial* court for the exclusion of a disqualified privately employed attorney, works a waiver of the objection. So held where such objection was raised before one trial judge on a trial which resulted in a disagreement, but was not renewed on a retrial before another judge.

*Appeal from Adair District Court.—*J. H. APPLEGATE, Judge.

WEDNESDAY, NOVEMBER 22, 1916.

Defendant was indicted, tried, and convicted of the crime of incest, and, from the judgment imposed, appeals.— *Affirmed.*

*O. W. Witham* and *Carl P. Knox,* for appellant.

*George Cosson,* Attorney General. *John Fletcher,* Assistant Attorney General, *D. A. Crowley,* County Attorney, and *Frank B. Wilson,* for appellee.

DEEMER, J.—I. There was ample testimony to justify the conviction of the defendant, and the verdict and judgment must stand, unless errors were committed by the court which would justify a reversal. Many complaints are made of statements made in argument, and during the trial of the case, by the county attorney and a special prosecutor brought into the case by one interested in its outcome. Objections to these statements were sustained by the court at the time they were made. A single exception to this was a reference by the special prosecutor to the fact that defendant's counsel were having the arguments made for the State taken by the shorthand reporter. This reference, while not, perhaps, of much significance, was

1. CRIMINAL LAW: harmless error: remarks of counsel.

to a fact patent to the jury, and nothing said therein could have been prejudicial to the defendant.

Other statements made in argument were not objected to, and no exception was taken. True, some of them were made grounds for a new trial, but the trial court was justified in denying the motion on this ground. The objections came too late. *State v. Thomas,* 135 Iowa 717; *Streeter v. City of Marshalltown,* 123 Iowa 449; *Beans v. Denny,* 141 Iowa 52; *State v. Matheson,* 142 Iowa 414; *Aken v. Clark,* 146 Iowa 436.

2. CRIMINAL LAW: new trial: objectionable argument: belated objections.

II. Certain testimony was introduced by the State, which was first admitted over defendant's objections, and thereafter excluded, on motion made by his counsel. Not only was it excluded, but the trial court, in its instructions, specifically withdrew the same from the consideration of the jury. Whatever errors there may have been on the original ruling, and there is doubt about there being any error, the same was corrected by the trial court, and defendant has no ground for complaint.

3. CRIMINAL LAW: trial: improper reception of evidence: withdrawal: effect.

III. The only serious question presented relates to a ruling made by another judge of the same district, upon a motion to remove special counsel and to exclude him from the case. This motion was bottomed upon Section 305 of the Code, which reads, in part, as follows:

4. CRIMINAL LAW: trial: private assistant to county attorney: prohibition.

"   .   .   .   nor shall any attorney be allowed to assist the county attorney in any criminal action, where such attorney is interested in any civil action brought or to be commenced, in which a recovery is or may be asked upon the matters and things involved in such criminal prosecution."

The facts seem to be as follows:

The indictment was found September 3, 1915, and it charged defendant with having intercourse with his daughter,

naming her, on or about August 6, 1914. There have been two trials of the case, the first one before Hon. W. H. Fahey, Judge, on September 11, 1915, which resulted in a disagreement on the part of the jury. The application to remove counsel was made on September 11, 1915, and was denied by Judge Fahey. The second trial was before Judge Applegate, and this commenced on November 8, 1915. The motion to remove and exclude counsel was, on the second trial, at no time renewed. It seems that this special counsel was employed by the father of defendant's wife, on the last day of March of the year 1915, to bring a divorce action for the wife against defendant, and that a petition for a divorce was filed in the district court of Adair County, on the day after counsel's employment. The grounds stated for the divorce were that defendant had become intimate with other women. Defendant appeared by counsel to the divorce suit at the August, 1915, term, and, on the first day of September, filed a motion for more specific statement, asking that plaintiff give the names of the women with whom she claimed defendant had been intimate, and the times when and places where the adultery was committed. Upon the filing of this motion, special counsel withdrew his appearance in the divorce suit, and this was entered of record, on September 2, 1915. Theretofore, and as soon as an appearance had been entered for defendant in the divorce suit, special counsel informed the father of the wife that he would not have anything more to do with the divorce action, and his employment terminated. This appearance was made on September 1, 1915, and, thereafter, plaintiff in the divorce suit was represented by H. J. Chapman, Esq. Pursuant to the motion for a more specific statement, plaintiff in the divorce suit filed an amendment to her petition, in which she charged that the adultery of defendant was committed with his own daughter, the prosecutrix in this case.

An information charging defendant with incest was filed with a justice of the peace, about April 1, 1915; but it does

not appear that special counsel had anything to do with this, or that he had any part in any of the criminal proceedings against defendant, until he appeared as special counsel, when the case was first called for trial. The divorce case was submitted to the district court, Judge Fahey presiding, November 4, 1915, and a decree was rendered granting the divorce, as we understand it, on November 11, 1915, which was after the verdict in this case was returned. The special prosecutor was conditionally employed in this criminal case in May of the year 1915, by the wife's father, the condition being that, if an indictment was found against defendant, he, the attorney, should assist in the trial of the case. He never had anything to do with the civil divorce case, after the service of notice and the levy of a writ of attachment therein, and had no interest therein after that time.

Some exceptions were taken to rulings made by the trial court on the hearing of the motion to remove, and also to the court's refusal to hear additional evidence after it had ruled on the motion. This last was a matter clearly within the discretion of the trial court, and we see no abuse of that discretion. Moreover, it does not appear what counsel wished to prove by the witness he had sent for. As to the other rulings, none of them seem to have been in any way prejudicial to defendant. They were made upon collateral questions, which, if answered, would have given no light upon the matter at issue on the motion. No error appears here, but the proposition still remains: Was the trial court right in refusing to sustain it, and, if not, may complaint be made of the ruling, the motion not having been renewed before the second trial?

It may be assumed, no doubt, that the matters involved in this criminal proceeding are the same as those which furnished the basis for the divorce suit, viz., the intercourse between father and daughter; but, under the statute quoted, it must appear that the attorney called upon to assist the county attorney as special prosecutor is interested in a civil

action brought, or to be brought, in which recovery is based upon matters involved in the criminal proceedings. It is not enough, under this statute, that he may at one time have been interested; it is present interest which the statute contemplates. At the time the special prosecutor was called into the criminal case, he had no interest in the civil one, even as an attorney. His relations to Mrs. Lounsbury as an attorney had ceased, and he had withdrawn from the case. It is not like a case where an attorney, after taking employment in a civil case, is engaged in a criminal one which may involve some disclosures made to him in virtue of the relationship of attorney and client.

It does not appear that the special prosecutor had anything to do with the criminal case until after he had been employed in the civil one, and he did not agree to participate in the criminal case until he had withdrawn in the civil one, and notified his client, or her representative, of his withdrawal. He disclaimed any further interest in the civil case, and testified that he had no interest whatever therein. It is suggested that he employed the attorney who finally tried the divorce action, but there is no proof of this, whatever. He avoided answering whether his client, or her representative, had compensated him for his fees, but did testify that he had no interest, contingent or otherwise, in the results of the divorce case. The statute was evidently framed with the purpose of preventing counsel in a civil case from prosecuting a criminal one involving the same matters and things as the civil one, so long as he is an attorney in each case.

Aside from this, however, we doubt if the matter may now be considered at all. Suppose that Judge Fahey erred in his ruling on the motion. That error resulted simply in a mistrial. The case then came on before Judge Applegate, as if none had ever been had. This latter judge was not asked to pass upon the question of the right of the special prosecutor to appear and assist in the prose-

5. CRIMINAL LAW: trial: private assistant to county attorney: failure to move for exclusion.

cution of the second trial, and he had no opportunity to pass upon that question. It was only fair to that judge that his attention be called to the matter. If he had judicial notice of the motion, he may have concluded that the right to object on the second trial was waived.

It has been held that it is not enough to call attention to the matter in a motion for a new trial (*State v. Smith*, 108 Iowa 440); and it is but a step further to say that, as the matter relates to assisting the county attorney on the trial of the case, objection should be made to the judge having the case for trial. No error appears, and the judgment must be, and it is,—*Affirmed*.

EVANS, C. J., WEAVER and PRESTON, JJ., concur.