ETTA GRANNER et al., Appellees, v. D. E. BYAM, SR., Defendant, Appellee; W. G. HORNUNG, Defendant, Appellant.

No. 42464.

JUNE 23, 1934.

Lee, Steinberg & Walsh, for appellant.

Bryson & Bryson, for appellees.

ANDERSON, J.—This was an action at law upon a promissory note claimed to have been executed by D. E. Byam, Sr., and W. G. Hornung. The issues were between plaintiffs-appellees, Granner, and the defendant-appellant, Hornung. The defendant Hornung's answer, in substance, denied that the note in suit was signed by the said defendant, and, further, that if the signature of the defendant appearing thereon is in the genuine handwriting of the defendant, that it was procured by some trickery and deceit and without

the knowledge on the part of the defendant that he was signing a note; that if the signature to the note is genuine, he never voluntarily or intentionally signed the same, and that he never had any intention that such signature would become a part of the note in question; that he never consented to having such instrument delivered to the plaintiffs as a note, and that the same is wholly without consideration. There was a trial to the jury resulting in a verdict for the plaintiffs upon which judgment was entered against defendant, Hornung, from which he appeals.

The record discloses that D. E. Byam, Sr., was a resident of Hubbard, Iowa, and had been engaged in the banking business for about 47 years; that he had done business with and for W. G. Hornung, the defendant, for many years; that Hornung had become a surety upon the bonds of Mr. Byam as school director for several years; that Byam had borrowed from the plaintiffs $2,500, for which they held his note signed by himself and one Swallum maturing April 8, 1930; that some time subsequent to the maturity of said note Byam had made an agreement with the plaintiffs as to the taking care of the indebtedness evidenced thereby. The agreement in effect was that Byam was to pay $1,000 in cash, execute a note for $500, signed by himself and his wife, and execute another note for $1,000, payable two years after April 8, 1930, and obtain a surety thereon. This agreement was not wholly consummated until on or about the 13th day of November, 1930. Byam had paid the $1,000 in cash, and he and his wife had executed the note for $500. There is a sharp conflict in the testimony as to the signing of the $1,000 note by the defendant, Hornung. Byam testified that he met Mr. Hornung and told him that he owed the Granner girls the money and that they wanted a signer on the note, and that he asked Hornung to sign the same as surety, and that Hornung consented to do so, and that the note in suit was then signed by Mr. Byam and Mr. Hornung in Byam's bank at Hubbard, Iowa; that this occurred on the 11th or 12th of November, 1930, but that the note was dated back to April 8, 1930, the date of the maturity of the $2,500 note. Mr. Hornung contends, and so testifies, that he at no time had any such conversation with Mr. Byam about the note in suit, and that he did not know that he had signed such a note until shortly before its maturity in the spring of 1931. Hornung also claiming that by reason of a personal injury he was unable to walk during the summer and fall of 1930, and that he was not in Byam's bank at any time, at least until after the time

of the claimed execution of the note in question. There was other evidence, however, supporting the testimony of Mr. Byam in regard to the execution of the note by Mr. Hornung. The question was fully and fairly submitted to the jury resulting in a finding, as we have indicated, against the contentions of Mr. Hornung.

The $500 note signed by Mr. and Mrs. Byam and the $1,000 note signed by Byam and Hornung were sent to the plaintiffs by Byam in a letter dated November 13, 1930. This letter was identified as Exhibit B in the record both by Mr. Byam and by the plaintiffs, but was not offered in evidence until after a cross-examination of Mr. Byam by defendant's counsel in reference to its contents. Mr. Byam had testified that he met Mr. Hornung on the sidewalk in the morning telling him of his indebtedness to the Granner sisters, and that the sisters wanted a signer on a note for part of the indebtedness, and that he asked Hornung to sign the note with him, and that they then went into the bank and executed the note. He testified in cross-examination that upon a former trial of the case he had testified that he thought the note was signed in the forenoon but that he was not absolutely certain; it might have been in the afternoon. Cross-examination continued as follows:

"Q. Yes. You told the Granner girls that it was signed in the evening, didn't you? A. That's what the letter says.

"Q. Well that is what you told them, wasn't it? A. No, all I told them was what the letter says.

"Q. And that was that you got him to sign it that evening, isn't that it? A. That's what the letter says."

On redirect examination the letter, Exhibit B, referred to in the cross-examination, was offered in evidence by the plaintiffs, to which an objection was interposed as being incompetent, irrelevant, and immaterial, hearsay, and self-serving, and such objection goes to each paragraph and each sentence of the exhibit, and a motion was made to strike the admission of each sentence and each paragraph upon the grounds of the objection. The trial court before ruling upon such objection and motion stated to defendant's counsel that the contents of the letter had been inquired into in the cross-examination of Mr. Byam, and that if counsel for the defendant would withdraw such testimony from the record the exhibit would be excluded. This the defendant's counsel refused to do. The objection was overruled, and the exhibit admitted into the record. Such action

on the part of the court is the first assignment of error relied upon by the appellant; the appellant insisting that the letter contained a reference to the financial standing of Mr. Hornung and was highly prejudicial. No specific reference, however, was made to this statement in the objection interposed to the introduction of the exhibit. The letter did tend in some degree to refute the testimony of Mr. Byam, that the $1,000 note was signed in the morning. It, however, in the main, was corroborative of the testimony of Mr. Byam in reference to the consummation of the agreement between Mr. Byam and the plaintiff in reference to the taking up of the $2,500 note. We do not think there was prejudicial error in the admission of the exhibit. Section 11272, of the 1931 Code, provides that when part of an act, declaration, conversation, or writing is given in evidence by one party the whole on the same subject may be inquired into by the other. The exhibit in question would not have been admissible as a part of the plaintiffs' case had it not been for the cross-examination in reference thereto by defendant. We have held that when a part of a conversation or writing has been inquired into in cross-examination the whole of the subject-matter may be inquired into by the other party. In such circumstances, we have held that the cross-examining party made the witness his own, and that the re-examination might be held to be cross-examination. Having gone into the matter under consideration, the appellant cannot be heard to object to a further exploration of a field which he has opened. Walker v. Stannis, 3 G. Greene 440; Spaulding v. Railway Co., 98 Iowa 205, 67 N. W. 227; Jones v. Hopkins, 32 Iowa 503; Courtright v. Deeds, 37 Iowa 503; Hess v. Wilcox, 58 Iowa 380, 10 N. W. 847; Azeltine v. Lutterman, 218 Iowa 675, 254 N. W. 854.

The exhibit in question contained, as its subject-matter, reference to the making of the note, the time of actual signing thereof, the consideration, and the time and circumstances of delivery; all of which were material under the issues and the record in the case. We are constrained to hold against the contention of the appellant at this point.

The next contention of the appellant is that the court erred in ignoring the plea of want of consideration and in failing to submit such defense to the jury. The court submitted the case to the jury upon the main questions pleaded in defendant's answer. First, that he, the defendant, denied ever signing the note in suit, and instructed that the burden of proving such fact was upon the plain-

tiffs. Second, that defendant claims that if the signature to the note in suit was in fact that of the defendant it was procured by some trickery and deceit, and without his knowledge, and that he never intended to sign any such note and never authorized its delivery, and that the burden of proof as to such questions was upon the defendant.

It is true that the defense of want of consideration was not submitted to the jury, but we do not believe it was necessary or proper under the pleadings and the record to submit such issue. It must be conceded as the law that where a first party signs a note as a gratuitous surety for a second party payable to a third party he is bound by the consideration moving between the second and third parties. There is ample evidence in the record that there was a consideration moving between Byam and the plaintiffs, and when the jury found as it did, that the defendant, Hornung, joined in the execution of the note in suit as a gratuitous surety, the question as to want or failure of consideration is taken out of the case. It is true that this rule does not prevail where the surety sought to be charged never intended to execute a note, was never asked to execute it, never consented to its execution, and never consented to its delivery; but as we have indicated, all of these questions were answered by the jury by its verdict contrary to the contention of the appellant.

There were in fact only two contentions made by the appellant that should have been submitted to the jury, and these were, as we have indicated, first, that the defendant never signed the note at all, and, second, that if his signature did appear thereon, it was procured by some trickery and deceit and without any knowledge on his part that he was signing a note. These questions were fully and fairly submitted to the jury, and by its verdict it found that the note was signed by the defendant, Hornung, and that such signature was not obtained by trickery and deceit and without the knowledge on Hornung's part that he was signing a note. There is evidence to support such findings.

The jury having properly found that the note in suit bore the valid and genuine signature of the defendant-appellant, the settlement of the pre-existing debt and the extension of time to Byam by the plaintiffs, furnished a valid and sufficient consideration at law. There plainly remains no disputed question of want of consideration which should have been submitted to the jury. Struebing v. Stevenson, 129 Iowa 25, 105 N. W. 341; Duncan v. Iowa Ry. &

540

Light Co., 194 Iowa 469, 187 N. W. 486; Wilkinson v. Queal Lumber Co., 203 Iowa 476, 212 N. W. 682; Seddon v. Richardson, 200 Iowa 763, 205 N. W. 307; Veith v. Cassidy, 201 Iowa 376, 207 N. W. 328; Millard v. Northwestern Mfg. Co., 200 Iowa 1063, 205 N. W. 979.

It is our conclusion that the issues properly raised were fully and fairly submitted to the jury, that no prejudicial or reversible error is found in the record, and that the finding of the jury and the action of the trial court in entering judgment thereon should not be disturbed.—Affirmed.

CLAUSSEN, C. J., and ALBERT, EVANS, STEVENS, KINTZINGER, and MITCHELL, JJ., concur.