IOWA DEVELOPMENT COMPANY, appellee, v. IOWA STATE HIGHWAY COMMISSION, appellant.

EMMA C. MURPHY, appellee, v. IOWA STATE HIGHWAY COMMISSION, appellant.

No. 50989.

(Reported in 122 N.W.2d 323)

June 11, 1963.

Evan Hultman, Attorney General, C. J. Lyman, Special Assistant Attorney General, Donald L. Beving and Keith E. McWilliams, all of Des Moines, for appellant.

Duncan, Jones, Hughes, Riley & Davis, of Des Moines, for appellee Iowa Development Company.

Steward, Crouch & Hopkins, of Des Moines, for appellee Emma C. Murphy.

THOMPSON, J.—This is the second appeal by the defendant, hereinafter known as the commission, from awards made by the trial court in two cases consolidated for trial. Iowa Development Co. v. Iowa State Highway Commission, and Emma C. Murphy v. Iowa State Highway Commission, 252 Iowa 978, 108 N.W.2d 487. Each trial was to the court sitting as the trier of the law and the facts and without a jury. The background facts are fully stated in the opinion on the first appeal, and will not be repeated here. Upon the first appeal we˙ reversed because of the admission of incompetent evidence.

No jury demand was made before the first trial. But when the case was remanded, the defendant-commission filed a demand for a trial by jury, which was denied. The case was first tried by Judge Dring D. Needham; the second time by Judge Ralph R. Randall, with whose orders and awards we are concerned on this appeal.

I. The defendant's first assigned error is based upon the refusal of the trial court to grant its application for a jury trial upon the remand. No application having been made before the first trial, the application was not timely. Rubin Brothers Butter & Egg Co. v. Larson, 247 Iowa 541, 542–545 inclusive, 74 N.W.2d 574, 575, 576. The failure here to make timely demand before the first trial distinguishes the Rubin case from Nedrow v. Michigan-Wisconsin Pipe Line Co., 246 Iowa 1075, 70 N.W.2d 843, where such a demand had been made.

The defendant makes some contention that its application should have been granted under R. C. P. 177(d), which provides that even when application·is not timely made the court may in its discretion and for good cause shown order a jury

trial. It is doubtful whether any real attempt was made here to show good cause. It is suggested that the defendant might be prejudiced by a trial to a different Judge of the same court because he would be reluctant to differ with the holdings of his associate made on the first trial. We do not agree that such a consideration would unduly influence the decision of a competent and honorable Judge, whose duty it was to try the case on the facts proven and the applicable law without regard to such extraneous circumstances as a previous decision which had been set aside because improper evidence was considered.

The trial court has discretion in granting or denying jury trials under R. C. P. 177(d), supra. Schloemer v. Uhlenhopp, 237 Iowa 279, 283, 284, 21 N.W.2d 457, 459. We find no abuse of discretion here.

II. However, the defendant strongly attacks the ruling denying a jury trial upon a third ground. It contends that under Article I, section 18, of the Constitution of the State of Iowa it was entitled to a jury trial as a matter of right without regard to R. C. P. 177. Its argument is that since section 18 was not repealed by the legislature—of course it could not have been—and is still in force, rule 177 has no effect. Here the commission attempts to follow In re Estate of Hermence, 235 Iowa 745, 15 N.W.2d 905, which it argues rules the present situation. In the Hermence case, which was a will contest, we held that because section 11864 of the 1939 Code, now section 633.19 of the Code of 1962, had not been repealed by the legislature when the Rules of Civil Procedure were adopted, but was still in effect and gave either party to a will contest the right to a jury trial, the statute governed and such right remained without regard to rule 177.

So the commission contends section 18, supra, governs the present situation and that it has a constitutional right to a jury trial regardless of rule 177. We set out section 18 of Article I, so far as material: "Private property shall not be taken for public use without just compensation first being made, or secured to be made to the owner thereof, as soon as the damages shall be assessed by a jury, who shall not take into consideration any advantages that may result to said owner on account of the improvement for which it is taken."

The difficulty with the defendant's position is that the section of the Constitution upon which it relies does not give it the right it thinks it does. Its argument is based on a false premise. The quoted section is a guarantee of protection to the property owner whose land is taken; it is only a limitation upon the power of the State; and the commission is merely an arm of the State. In Liddick v. Council Bluffs, 232 Iowa 197, 215, 5 N.W.2d 361, 371, we said:

"Since the power of eminent domain is an inherent and inseparable attribute of sovereignty which existed prior to constitutions, the constitutional provisions are not grants of the power, but are limitations upon its exercise. * * *

"These provisions are for the protection of the individual against the excesses of the government with respect to his property * * *."

United States v. Griffin, 14 F.2d 326, 327, D. C. W. D. Va., states the proposition thus: "The simplest and best reason for saying that the Seventh Amendment [to the Constitution of the United States] does not preserve a right in the government to trials by jury is that there was not the slightest need for such intent, and that the obvious purpose was not to preserve such right, but was to preserve the right of the people as against the government."

The position of the commission here is well described in Waddell v. Board of Directors, 190 Iowa 400, 406, 175 N.W. 65, 67: "The defendant is a school corporation. It is a legislative creation. * * * It is an arm of the state, a part of its political organization. It is not a 'person', within the meaning of any bill of rights or constitutional limitation."

We have no hesitancy in holding that the defendant is merely an agent of the state, and that section 18, Article I, supra, was not intended for its protection and gives it no rights. It is a limitation upon its powers. This leaves the matter of the right to trial by jury, so far as the commission is concerned, to be governed by the statutes and Rules of Civil Procedure set up for civil cases generally. Section 472.21, Code of 1962, is set out:

"The appeal·shall be docketed in the name of the owner of the land, or of the party otherwise interested and appealing, as plaintiff, and in the name of the applicant for condemnation as defendant, and be tried as in an action by ordinary proceedings."

This seems to make it clear that appeals in condemnation cases are to be tried as are other civil cases. The right to trial by jury exists, if it is timely demanded; but there is no constitutional protection available to the commission if it fails to make such demand. It is then in the position of any other litigant.

■ III. The defendant assigns error upon reception of the testimony of B. R. Harris, president of plaintiff-company, as to the value of the corporation property taken, "when it was not shown that he has such knowledge of value as qualifies him in fact." The plaintiff-company is a subsidiary of the Chicago Great Western Railway Company. Mr. Harris testified that he was in charge of the industrial development departments of the railway company. He testified to his familiarity with the tract involved in the present condemnation, including the investigation preliminary to its purchase and the purchase itself. He described the property and its utility and availability for industrial purposes. It is accessible to railroad trackage. He has had experience in the development of other industrial districts along the railway lines, and had knowledge of sales of industrial property in Des Moines.

■ It is sufficient to say here that we found Mr. Harris a well qualified value witness in the first appeal, Iowa Development Co. v. Iowa State Highway Commission, supra, loc. cit. 252 Iowa 995, 108 N.W.2d 497; that Mr. Harris was not merely an officer of the plaintiff-corporation but was its managing director and familiar with the property in question, as to which see In re Appeal of Dubuque-Wisconsin Bridge Co., 237 Iowa 1314, 1320, 25 N.W.2d 327, 330; and that he showed considerable knowledge of the entire situation from the standpoint of valuations. The rule as to competency of value witnesses is to be liberally construed in favor of admissibility and if there is evidence of knowledge of values the extent of the witness' qualifications ordinarily goes to the weight of the evidence

rather than to its admissibility. Millard v. Northwestern Manufacturing Co., 200 Iowa 1063, 1066, 1067, 205 N.W. 979, 981; City National Bank v. Jordan, 139 Iowa 499, 505, 506; 117 N.W. 758, 760.

We find no merit in this assigned error, and the same is true of the complaint that Mr. Harris should not have been permitted to testify as to valuation of the Murphy tract, the second parcel involved in the consolidated cases and this appeal. As the statement of facts on the first appeal shows, the Murphy land lies directly adjacent to that of the Iowa Development Company, and many of the same factors affect its value. Mr. Harris' familiarity with the tract owned by his own company would necessarily give him a fair idea of the value of the adjoining tract; sufficient certainly to permit him to express an opinion to be considered by the trier of the facts.

IV. Further error is assigned upon the admission of a plat, known in the record in the former case and likewise in the present one, as Exhibit 1. This was prepared by the engineering department of the Great Western Railway Company and showed lead and spur railroad tracks that could be built and used for industrial purposes. The defendant admits that its complaint here can go only to the admission of the plat in connection with the appeal of Emma C. Murphy, because it is conceded we passed upon this question adversely to it in the first case so far as the Iowa Development Company lands are concerned. But the record shows we held the plat admissible as to both tracts. We said: "This assignment of error seems to be based largely on admission of the plat and the other testimony as to adaptability *of the lands of both plaintiffs* for industrial purposes. * * *." After pointing out that no timely objection had been made at the trial, we further said: "We will say, however, the evidence was proper. It is true the trackage shown on Exhibit 1 had not been built although some preliminary work had been done on it. Nor had *either tract* ever been actually used for an industrial purpose. But the evidence was not too speculative." Iowa Development Co. v. Iowa State Highway Commission, supra, loc. cit. 252 Iowa 988, 108 N.W.2d 493. (Italics supplied.)

It is evident we held in the first appeal that this plat was admissible in evidence as to each of the tracts involved. It thus became the law of the case, and the ruling will not now be reversed. Lawson v. Fordyce, 237 Iowa 28, 32, 33, 21 N.W.2d 69, 73, 74.

V. The final two assignments of error involve similar questions and will be considered together. They assert that the plaintiffs failed to carry the burden of proof to show their damages in the amount found by the trial court, and that the court's findings of value are not in accord with, but are contrary to, its findings of fact and conclusions of law.

■ The plaintiff in an appeal in a condemnation proceeding has the burden of proof to show the value of the property taken; that is, to sustain the allegations of his petition. Randell v. Iowa State Highway Commission, 214 Iowa 1, 5, 241 N.W. 685, 688. This is elementary. But this does not aid the defendant.

■ An examination of the record in the first case and a comparison of the evidence there shown with that in the instant case make it clear that we have decided the question of sufficiency to sustain the trial court's findings as to value adversely to the commission. In the first case the trial court found the damage sustained by the Development Company to be $380,285.50, and by Mrs. Murphy $38,000. On the second trial, with which we are now concerned, the Development Company was awarded $331,318, and Mrs. Murphy $35,925. The evidence as to values and damages was substantially the same in each case, except that the objectionable testimony as to sales which were found to be not comparable was not offered in the second trial. We must assume we did not consider this incompetent evidence in holding in our opinion in the first case that the awards were not so large as to justify interference by this court. Iowa Development Co. v. Iowa State Highway Commission, supra, loc. cit., 252 Iowa 995, 996, 108 N.W.2d 497.

The awards made by the trial court in the case at bar were substantially less than in the first case, which we held not so large as to call for our interference. It may be said in passing also that even if the question had not been decided in the first

case, we would not upon the record here find the awards excessive to the point of requiring remedial action on our part. They were supported by substantial evidence.

As to the claim that the court's findings of value and damages are contradictory to its findings of fact and conclusions of law, we are entirely unable to agree. The contention seems to be based upon the fact that in its findings the court said: "* * * however, after considering all of the evidence, the Court finds that no witness testified to a value of the property either before or after the taking which may be accepted by the Court as the correct valuation." The defendant thinks this statement eliminated any consideration of the testimony of expert witnesses from the court's consideration. Of course this is not correct.

The defendant seems to contend at this point that the court was bound to accept the testimony of some of the value witnesses in toto, and to find the damages exactly as fixed by them; and that if it did not do so, it could not consider their testimony in any way. This is a novel conception, which we are not disposed to adopt. Expert testimony may be used as an aid to the trier of the facts, and may be adopted in whole, in part, or not at all. Grismore v. Consolidated Products Co., 232 Iowa 328, 345, 346, 5 N.W.2d 646, 656.

In Kellerhals v. Kallenberger, 251 Iowa 974, 982, 103 N.W.2d 691, 696, we said: "It is well settled that the trier of facts is not absolutely bound by testimony of experts upon values, even when undisputed, but may use his own knowledge and judgment in connection with the testimony." See also Larew v. Iowa State Highway Commission, 254 Iowa 1089, 1093, 120 N.W.2d 462, 464. So the court here was not bound to follow the testimony of any of the experts as conclusive, but could equate their opinions not only as to the different valuations given by the several witnesses but with the other evidence in the case. As we understand the record, that is what the court did. It said no more than that it was not adopting the testimony of any expert as the be-all and know-all, the sum total of exactitude. It had a right, even a duty, to do as it did: that is, to weigh all the evidence and arrive at its conclusions as to values and damages from the entire record before it.

We find no merit in the appeal.—Affirmed.

All JUSTICES concur except MOORE, J., who takes no part.