**STATE of Iowa, Appellee,**

v.

**Gerald WEILAND, Appellant.**

**No. 55419.**

Supreme Court of Iowa.

Nov. 15, 1972.

Harry H. Smith, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Steve Avery, County Atty., for appellee.

Heard before REYNOLDSON, Acting C. J., and LeGRAND, UHLENHOPP, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

Defendant appeals his conviction of malicious injury to a vehicle. We affirm.

A lively labor dispute was in process June 7, 1971 at the Spencer Foods Plant in Spencer. Feelings ran high. John Goff drove his auto into the plant area to pick up his father Burl Goff and Harold Jorgenson. Neither the elder Goff nor Jorgenson were union members.

Defendant, a picketer at the plant gate, claims the Goff auto struck him on leaving the plant. The State offered evidence to show defendant and other picketers beat and kicked the Goff car as it passed through the gate. Defendant and other picketers then got into their cars and followed Goff to a garage in Spencer where the Goff car became boxed in by the picketers' cars. Defendant and the others then angrily confronted Goff and his passengers.

The State's evidence was that defendant kicked in a window of the car. The car was kicked and damaged in various places. In addition to the rear window being kicked in, a headlight and two taillights were kicked out, a rearview mirror and antenna were broken off and the trunk lid was smashed in. A separate charge of as-

sault and battery is not involved in this appeal.

I. Defendant first complains he could not be guilty of kicking the Goff car "* * * since such testimony contradicts uncontroverted physical facts." We are not persuaded. Defendant testified a war injury left him unable to lift his legs more than 45 degrees from the ground. The testimony of his disability was plainly controverted by State's witnesses who testified he did in fact kick out the window.

■ Although no evidence in this case rises to the dignity of expert testimony on defendant's physical condition, the following is the recognized rule: "Expert testimony may be used as an aid to the trier of the facts, and may be adopted in whole, in part, or not at all." Iowa Development Co. v. Iowa State Highway Commission, 255 Iowa 292, 300, 122 N.W.2d 323, 328.

■ Defendant's first assignment fails for the additional reason it misconstrues the meaning of "physical facts." Defendant actually relied on testimony of physiological conditions which is quite another thing. His self-serving testimony as to his own physiological condition does not constitute "uncontroverted physical facts."

II. The trial court denied defendant's application to disqualify the county attorney. Assigning this denial as error, defendant claims prejudice on the part of the county attorney denied him a fair trial. He claims the county attorney was subject to a conflict of interests, requiring a reversal. An ancillary but separate claim is made that this conflict led to prejudicial misconduct when the county attorney filed identical criminal charges against four defense witnesses after they testified at the preliminary hearing in this case.

Following the incidents described, the defendant brought a civil suit for damages against John and Burl Goff and Spencer Foods, Inc. The liability insurance carrier of Spencer Foods, Inc. retained a member of the county attorney's law firm as counsel in this suit. This appearance precipitated the application to disqualify the county attorney.

Section 336.5, The Code, prohibits any direct or indirect involvement by a county attorney or member of his law firm in a civil action "* * * based upon substantially the same facts upon which a prosecution * * * has been commenced or prosecuted by him * * *." Relying on State v. Jensen, 178 Iowa 1098, 160 N.W. 832, defendant asks the conviction be set aside because of the appearance of the prosecutor's partner in the civil suit.

■ We are not presented with any necessity of reviewing, interpreting or applying the holding in State v. Jensen, supra. Prior to commencement of the trial in this case the prosecutor's partner filed an affidavit certifying he had withdrawn from the civil suit. The withdrawal answers the charge of conflict of interests. State v. Lounsbury, 178 Iowa 555, 159 N.W. 998. Defendant claims the same firm later reappeared in the suit and also that the prosecutor later became separately retained by Spencer Foods, Inc. These claims are wholly outside the record and cannot be considered. Richardson v. Richardson, 248 Iowa 477, 79 N.W.2d 769.

Defendant argues the prosecutor was guilty of prejudicial misconduct in filing similar criminal charges. We are not favored with any record of proceedings of the preliminary hearing although it is clear from the record a transcript of those proceedings was available to counsel at trial. It does appear four witnesses were called by defendant at the preliminary hearing. All four were promptly thereafter charged with the identical offense.

■ Defendant insists the charges were frivolous, filed for the purpose of "chilling" defense efforts. The State takes the position the charges were not frivolous and followed as a necessary consequence from the testimony developed at the preliminary hearing. The filing of frivolous charges against defense witnesses for the purpose of discouraging testimony would clearly constitute misconduct. However,

we have no record upon which we can determine the charges were frivolous. No misconduct or error is shown.

III. Defendant's final assignment arises from the trial court's ruling on an alternative pretrial motion. September 21, 1971 defendant moved " * * * for a reasonable continuance until the winter or spring term of (c)ourt * * * ." In the second division defendant asked for change of venue. The trial court found the defendant in argument conceded his request for change of venue was alternative to his motion for a continuance. No error is claimed on this finding. We observe the motion was worded so as to seek alternative relief. The motion for continuance was sustained, making the motion for change of venue moot. Trial was set for December 14, 1971. Having made no record of excepting to the trial date when it was set, defendant cannot do so now. The trial court had discretion to grant or deny the motion in any event. State v. Berenger, 161 N.W.2d 798 (Iowa 1968).

Affirmed.