ARTHUR W. HANSON, Appellee, v. GEORGE ALDRICH, Appellant.

**HIGHWAYS:** Law of Road—Contributory Negligence. Record re-
viewed, and held that a plaintiff who was standing in the public
highway and attempting to stop an on-coming automobile was not
guilty of negligence *per se.*

Headnote 1. 28 Cyc. pp. 27, 49.

*Appeal from Wright District Court.*—G. D. THOMPSON, Judge.

JANUARY 13, 1925.

ACTION to recover damages for personal injuries sustained
by plaintiff as the result of the alleged negligence of the defend-
ant in the operation of an automobile. Verdict of jury in the
sum of $2,000. Defendant appeals.—*Affirmed.*

*Birdsall, McGrath & Archerd,* for appellant.

*Sylvester Flynn* and *M. J. Mitchell,* for appellee.

DE GRAFF, J.—But one proposition is presented on this ap-

peal: Was the plaintiff guilty of contributory negligence as a matter of law? Prior decisions are of little assistance in making answer to this question. Ordinarily, contributory negligence is a question of fact. Appellant, however, insists that, under the circumstances of this case, the court should have sustained defendant's motion for a directed verdict.

The facts, briefly stated, disclose the following: On Christmas Eve, 1921, the plaintiff, a farmer 37 years old, accompanied by his wife and two children, aged 7 and 9, respectively, attended the Christmas exercises in the town of Rowan, Iowa. Later in the evening, they visited with a relative until about 1:30 A. M., when plaintiff and his family started home. They drove from Rowan on the main highway to the place where the accident occurred, which was between one and one-fourth and one and one-half miles north of the town. It appears that, at a distance of 10 or 11 rods south of the place where the accident occurred, there is a bridge over a deep ravine, and farther south of the bridge, there is another hill, gradually sloping toward the bridge, about 35 rods from the place of the accident. The highway was 27 feet wide, graveled, smooth, and constituted what may be termed a good road. There was nothing to obstruct the view between the place of the accident and the south hill. When plaintiff's car was ascending the hill north of the bridge, engine trouble caused his car to stop. He tried to start it, but was unsuccessful. About this time, plaintiff heard defendant's car leaving the town of Rowan, and further efforts were made to start the car and to light his tail light, which he discovered was not burning. Again he was unsuccessful, and the only match he had, broke in his attempt to light his rear lamp. Plaintiff saw the lights of the defendant's car, as it came over the south hill. He realized the danger of the situation, and started to walk back toward the defendant's approaching car, waving his arms while he was walking. He proceeded some 12 to 15 feet to the rear of his own car, and then stopped. It further appears that, upon reaching the bridge, defendant saw plaintiff and his car in the road. Defendant made no effort to stop his car, but, on the contrary, increased its speed, believing, as he testifies, that "it was a holdup." It is also shown that he made no effort to turn his car to the left until he got within a few feet of plaintiff's car.

He was traveling fast, and there is testimony of the speed of his car at this time as from 40 to 45 miles an hour. Plaintiff testifies that he relied on the fact that defendant would observe the law of the road, and turn to the left, and did not realize that the car was not going to turn until just a moment before it struck him. There is no question as to the character and extent of the injuries suffered by the plaintiff, resulting from his contact with defendant's car.

Was the issue of contributory negligence properly submitted to the jury? What did the plaintiff fail to do, that a reasonably prudent person should have done? At the time of and immediately prior to the accident, he was not operating his car, but was attempting to avoid an accident. When plaintiff discovered the on-coming car of the defendant, he knew that it was traveling at a high rate of speed. Under the circumstances, his first thought was to give the necessary warning, that his property and the members of his family might not be injured. He was confronted with an emergency, and he did what the ordinarily prudent person would do. Clearly, he was in a position where he had a legal right to be. He naturally did what he thought was best, to avert an accident. He was in that part of the road between the tracks of his own car, and but a short distance to the rear. True, he was looking right at the approaching car, and he knew it was coming towards him. He was in a reasonably safe position, and he had the right to rely on the fact that the defendant, in the exercise of reasonable care, would so operate his car as to avoid a collision. The path of the defendant's car was not fixed, like a railroad train, to any particular line of travel. He had ample space to pass the plaintiff and his car on this particular highway, and plaintiff was not called upon to anticipate negligence on the part of the driver of the other car.

In *Smith v. Spirek*, 196 Iowa 1328, we said:

"When the defendant saw or with reasonable diligence could have seen the decedent in time to so operate his car as to avoid the accident, it became his duty to so act."

See, also, *Wolf v. Reeves*, 195 Iowa 610; *Sterler v. Busch*, 197 Iowa 231.

The evidence shows that the defendant saw the plaintiff and his car at such a distance that the collision could, in all

probability, have been averted.   The lights on the Aldrich. car were in good condition, and disclosed objects in its pathway at least 75 feet in advance of his car.   Plaintiff could not know that defendant had no intention of stopping or turning to the left. Plaintiff had reason to think that he was within a zone of reasonable safety.   Whether or not plaintiff had time to step aside after he discovered that defendant was not going to turn, was a question for the jury to determine, under the circumstances. Confessedly, the defendant saw the plaintiff and his car, and knew that, if he continued to operate it in its then line of travel, an accident would probably result.   He made no effort to slacken his speed, and apparently drove directly toward the plaintiff. The only excuse offered by the defendant is the thought that he was about to be held up.   There are no circumstances in the record which would warrant a jury to make this finding.

We cannot escape the conclusion, under the facts of the instant case, that the court did not err in submitting the question of contributory negligence to the jury for determination. Wherefore, the judgment entered on the verdict is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.