CAROLINE WILKINSON, Appellee, v. QUEAL LUMBER COMPANY et al., Appellants.

**MOTOR VEHICLES:** Operation—Knowledge Dispensing with Signals.
1  Whether the operator of an automobile failed to give proper signal on approaching a crossing should not be submitted to the jury when admittedly the complaining pedestrian had full and explicit knowledge of the immediate presence and approach of said car.

**TRIAL:** Instructions—Unsupported Charge of Negligence. Unsupported
2  charges of negligence should not be submitted to the jury.

**TRIAL:** Instructions—Unsupported Issues. Instructions relative to dam-
3  ages for permanent injuries are improper where there is no testimony tending to show permanent injuries.

Headnote 1:  28 Cyc. p. 49.  Headnote 2:  29 Cyc. p. 646; 38 Cyc. p. 1618.  Headnote 3:  17 C. J. p. 1066.

Headnote 1: 38 L. R. A. (N. S.) 489; 51 L. R. A. (N. S.) 996; 2 R. C. L. 1193.  Headnote 2:  41 L. R. A. 153; 14 R. C. L. 786.  Headnote 3:  41 L. R. A. 153; 14 R. C. L. 786.

*Appeal from Polk District Court.*—JOHN FLETCHER, Judge.

MARCH 15, 1927.

An action to recover damages for personal injuries received by Mrs. Wilkinson from being struck by an automobile driven by defendants. From judgment in favor of plaintiff defendants appeal.—*Reversed.*

*Lehmann, Seevers & Hurlburt,* for appellants.

*B. O. Montgomery,* for appellee.

ALBERT, J.—The facts out of which this action grew are, briefly stated, as follows: Forest Avenue is a street in the city of Des Moines, running east and west. Twenty-fourth Street crosses it at right angles. The first-named street is 30 feet wide from curb to curb. North of Forest Avenue, Twenty-fourth Street is approximately 26 feet wide from curb to curb, and south of Forest Avenue it is about 31 feet from curb to curb. Mrs.

Wilkinson lived on the northwest corner of this intersection, the house facing on Forest Avenue, and the sidewalk leading from the house to Forest Avenue, if projected, would meet said street at a point about 50 feet west of the intersection of the two streets.

About 6 P. M. on the evening of October 30, 1924, Mrs. Wilkinson had gone to a grocery store at Twenty-fourth and University for some groceries. On her return, she reached the southwest corner of the intersection made by Twenty-fourth Street and Forest Avenue. She stopped and waited for some automobiles going west to pass. She then stepped off the curb on the south side of Forest Avenue, for the purpose of crossing same. Previously she had looked and had seen no automobiles, but after she had taken five or six steps on said street, she saw appellants' car approaching from the east. It had not yet reached the intersection. She looked again, and it was nearing as she continued to cross the street. She looked for the third time, at which time the car was about upon her. She was struck by the car and carried along on the bumper, and received the injuries complained of. At the time she was struck, she was three or four steps from the north curb. She wore glasses at the time, and had on a cloak of dark material that reached to her ankles. She says that, when she started across the street, she closed her umbrella. The driver of the automobile testifies that she had her umbrella opened and was carrying it close over her head at the time he first saw her. One Peterson, a witness for appellee, testified that he drove up almost immediately after the accident, and picked up appellee's umbrella, and it was then open.

It is conceded that it was dark at this time, and that the wind was blowing, and that there was a heavy rainstorm. One witness says it was the worst rainstorm that occurred that year. Some further facts may be stated later in the opinion, but this is sufficient to give light on the principal questions discussed.

The specifications of negligence, as set out in the amended petition, are seven in number:

1. Dangerous and reckless speed, in excess of 30 miles per hour.

2. Dangerous and excessive rate of speed in view of the location, the amount of traffic on the streets, and surrounding circumstances.

3. Failure to have the automobile under control, and failure to reduce the speed to a reasonable and proper rate when approaching said crossing and intersection.

4. Failure to keep the proper lookout.

5. Failure to give any warning.

6. Failure to see the plaintiff.

7. That it was raining at the time of the accident, and that there was water on the wind shield of defendants' automobile, and that they were negligent in operating said automobile at a dangerous and excessive rate of speed, in view of this fact.

The court submitted all of these questions of negligence to the jury, and largely copied the petition and amendment of appellee in his instructions. Complaint is made of this, under the well-known rule in this state condemning such practice; but, as we are reversing this case on other grounds, we do not stop now to analyze this complaint.

As to the first ground of negligence submitted by the court, to wit, a dangerous and reckless rate of speed in excess of 30 miles an hour, the record is wholly wanting in any direct evidence from any witness in the case as to the speed at which the appellant was driving. We are furnished with a well prepared mathematical calculation, by which it is attempted to demonstrate from evidence in the case that the speed did exceed 30 miles an hour, but this calculation contains too many assumptions to be of any value whatever in determining this question. The only direct evidence of any kind in the case touching this question comes from the driver of the automobile, when he testifies that he stopped his car within the car's length. Under this state of the record, we feel that it was error for the court to submit to the jury this question of negligence.

What has been said about this ground of negligence largely applies to the second ground of negligence: to wit, that the speed was dangerous and excessive, in view of the location, the amount of traffic on the streets, and the surrounding circumstances. As previously suggested, there is nothing in the evidence from which the jury could conclude that the speed was dangerous or excessive.

The third ground of negligence, to wit, that the defendant failed to reduce the speed to a reasonable and proper rate when

approaching such crossing, under the evidence, we think was properly submitted to the jury.

The fourth ground of negligence, under the evidence, was properly submitted to the jury.

The fifth ground of negligence, that he approached the intersection without giving any warning, should not have been submitted to the jury. The appellee herself testifies that, long prior to her collision with the automobile, she saw and knew that the car was coming toward her, and nothing that could have been done would have brought this home to her any more forcefully than what she saw. If the driver of the automobile had sounded a horn or used any other signaling device, she would have had no more knowledge than she did have by actually seeing the car approaching her. We therefore think that the fifth ground of negligence should not have been submitted to the jury, as she had all the warning that the law intends she should have.

1. MOTOR VE-
HICLES: opera-
tion: knowledge
dispensing with
signals.

The sixth ground of negligence, that appellant failed to see the appellee, is controlled by what was said as to the fourth ground of negligence.

As to the seventh ground of negligence, there was some evidence in the case that warranted the court in submitting this ground of negligence to the jury. That an allegation of negligence unsupported by evidence should not be submitted to the jury, see *Stein v. City of Council Bluffs*, 72 Iowa 180; *Armstrong v. Mutual Life Ins. Co.*, 121 Iowa 362; *City Nat. Bank v. Mason*, 181 Iowa 824; *Borough v. Minneapolis & St. L. R. Co.*, 191 Iowa 1216; *Stout v. Chicago, R. I. & P. R. Co.*, 198 Iowa 1017.

2. TRIAL: instruc-
tions: unsup-
ported charge
of negligence.

In the thirteenth instruction, the court told the jury that the plaintiff was entitled to recover compensation for such injuries, "including damages to be sustained in the future, if you find the plaintiff is entitled to recover anything for future damages, as herein instructed;" and later in the same instruction, the jury was told that she was entitled to recover, as an element of her damage, "the present worth of the damages for permanent disability, if any." This part of the instruction on measure of damages should not have been given, as there was no evidence whatever

3. TRIAL: instruc-
tions: unsup-
ported issues.

in the record tending in the least to prove that the injuries complained of, or any of them, were permanent.

Some other matters are argued, but, as they are not likely to arise on a retrial of the case, we give them no further consideration.

Lastly, it is contended that appellee was guilty of contributory negligence as a matter of law. This question was raised in the motion to direct a verdict, at the close of appellee's testimony, and renewed at the close of all the testimony in the case. Under the facts in this record, which we have studied with diligence, the principal ones of which have been heretofore recited, we cannot say that ordinary men with reasonable minds would agree on this question, and therefore, in our judgment, the question of contributory negligence, under this record, was one for the jury. *Gilbert v. Vanderwaal,* 181 Iowa 685.

For the errors pointed out, the case is—*Reversed.*
bIu.

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.