A. E. PIERCE, Appellee, v. MRS. RUDOLPH DENCKER et al., Appellants.

No. 45334.

November 19, 1940.

James I. Dolliver, for appellants.

Thomas M. Healy, for appellee.

HALE, J.—The collision of the two cars involved occurred on May 26, 1939, about 5:15 p. m. The plaintiff was driving his Chevrolet coupe south on Twelfth Street in Ft. Dodge near its intersection with Third Avenue South, extending east of Twelfth Street. At the same time the defendant Robert Dencker was driving north on Twelfth Street in a Buick sedan owned by his mother, the defendant Mrs. Rudolph Dencker, and driven with her consent. Plaintiff's evidence was to the effect that as he reached the intersection he observed a car traveling north (not the Dencker car) about 100 feet south of the intersection, that plaintiff drove on the west or right

side of Twelfth Street until even with the center of Third Avenue South and then over onto Third Avenue, south of the center line. Defendants' car passed around the northbound car on the east side of Twelfth Street and was traveling at a speed variously estimated at 25 up to 40 miles per hour. Plaintiff in making the turn was traveling at about ten miles per hour and attempted to accelerate when he observed the close proximity of the Dencker car. The cars came into collision at the corner, resulting in damage to both cars and injury to the plaintiff. The evidence indicated that defendant Robert Dencker was exceeding the limit of 25 miles per hour fixed by ordinance for that locality, a residential district. The jury returned a verdict for plaintiff. Exceptions to instructions and motion for new trial were overruled and defendants appeal.

Defendants claim error in the giving and in the refusing of instructions, in the court's refusal to direct verdict for defendants on the ground of plaintiff's contributory negligence, and in permitting evidence as to liability insurance to stand. ▉ The defendants requested the following instruction:

"If you find that the plaintiff in turning his automobile from 12th Street onto 3d Avenue South at the time of the alleged accident, failed to drive his car in that portion of the right-half of the roadway nearest the center line of 12th Street and after entering the area beyond the curb line of 3d Avenue South, failed to depart from the intersection to the right of the center line of 3d Avenue South; then and in that case the plaintiff is guilty of contributory negligence as a matter of law and cannot recover in this case."

The court refused to give this instruction, but did give its own instruction No. 10, as follows:

"The defendants, in turn, attribute the accident to the negligence of the plaintiff, and are asking damages by way of counter claim against him for such negligence. The negligence they first charge against the plaintiff is that he failed to go beyond the center of the intersection before making a left hand turn.

"On this point the statute merely provides that an approach for a left turn shall be made in that portion of the

right half of the roadway nearest the center line thereof, and after entering the intersection, the left turn shall be made so as to depart from the intersection to the right of the center line of the roadway being entered.

"This statute, as you will observe, did not require plaintiff necessarily to go around to the outside of the center point of the intersection. It merely required him when intending to turn to the left, to approach the intersection of that part of the right half of 12th Street nearest the center line thereof, and when leaving the intersection, to do so on the right of the center line of 3d Avenue South. It is for the jury to say from the evidence before you whether or not plaintiff violated this statute in turning from 12th Street into 3d Avenue South, remembering that before defendants are entitled to recover on this charge, the burden of proof is on them to establish this claim; but if so established by a preponderance of the evidence, and in the absence of reasonable excuse therefor, the plaintiff would be guilty of negligence as thus claimed."

Defendants say that this is an interpretation not warranted by the context of this section. The instruction is based on the statute then in force, section 340, chapter 134, Acts of the Forty-seventh General Assembly (now section 5025.01, Code of 1939). This section so far as applicable to the present situation provides:

"Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to depart from the intersection to the right of the center line of the roadway being entered."

The statute also provides that a different course may be specified by local authorities. This section, as it now stands, was changed to its present form by chapter 134, Acts of the Forty-seventh General Assembly, and replacing section 5033, Code of 1935, which read: "The operator of a motor vehicle, in turning to the right from one street or highway into another, shall turn the corner as near the right hand as practicable, and, in turning to the left from one street or highway into another, *shall pass to the right of and beyond the center* before turning, unless a dif-

ferent method of turning is directed by buttons, markers, or signs at intersections, in which event turns shall be made in accordance with the directions of such buttons, markers, or signs." (Italics ours.) This court has held that under the statute in the Code of 1935, a failure to comply therewith was negligence. But in the new statute, now, and at the time of the collision, in force, the motorist's course, except as to entering and leaving the intersection, is not prescribed. We do not hold that the change in the statute authorizes the motorist making the turn to proceed negligently, without the exercise of due care. Negligence in making the turn to the left would render the driver liable, as would negligence in other respects, but the statute does not direct specifically that the car shall be driven past the center of the intersection. Whether or not the exercise of due care would require such action would depend upon conditions existing at the time, and not upon the statute. We think the court's interpretation of the statute was correct. But defendants insist that either instruction No. 10 should not have been given, or the ground of failing to go beyond the center, as a ground of negligence should have been deleted. Defendants, in connection with this ground, pleaded and the court submitted another ground of similar nature, turning in front of and in the path of defendants' car, which was fully explained in instruction No. 11. The court submitted the pleaded grounds of defendants' counterclaim, with proper instructions, and we do not think they can now complain. The defendants offered an instruction on the same subject as in instruction No. 10, which was refused, and the court submitted the statute, with its interpretation, leaving as a matter of fact for the jury to determine whether or not the statute had been violated. The authorities cited by defendants merely announce the general principles of conflict in instructions and of instructions on issues not in issue. We do not think they apply here.

Exception is also taken to the fact that the court in instruction No. 8 instructed the jury as to assured clear distance ahead. The court set out the speed statute, on the question of defendants' excessive and unlawful speed as complained of by plaintiff in his petition, which section includes the prohibition as to driving at a speed greater than will permit the driver to

bring his car to a stop within the assured clear distance ahead. There was no error here. Section 5023.01, Code, 1939 (section 316, chapter 134, Acts of the Forty-seventh General Assembly), which contains the clause objected to, has been held by us to be a statute defining speed and nothing more. Jordan v. Schantz, 220 Iowa 1251, 264 N. W. 259. Speed was in issue and the court was not in error in instructing in relation thereto.

■ Defendants' second ground of complaint, the court's refusal to sustain their motion for directed verdict on the ground of plaintiff's contributory negligence, is not borne out by the evidence. We have so many times held that contributory negligence is ordinarily a question for the jury and that, if there is any evidence tending to establish plaintiff's freedom from contributory negligence, that question is one for the jury, that authorities need hardly be cited. But see Huffman v. King, 222 Iowa 150, 268 N. W. 144, and cases therein cited. Adjudicated cases are of comparatively little value in determining under varying facts the question of contributory negligence.

Defendants argue that plaintiff's turning of his car, considering the distance and speed of the Dencker car and the speed and location of plaintiff's car, constituted contributory negligence. But in this case we are of the opinion that it was for the jury to determine as a question of fact whether the plaintiff, in turning to the left when the Dencker car came out from behind the third car at a distance of 100 feet, was or was not himself negligent. With other evidence, there was sufficient evidence of defendants' excessive speed, such as plaintiff was not bound to anticipate. The court properly overruled the motion.

■ The reference to liability insurance complained of by defendants did not bring this case within our rulings in McCornack v. Pickrell, 225 Iowa 1076, 283 N. W. 899, and Rutherford v. Gilchrist, 218 Iowa 1169, 255 N. W. 516. The facts are not analogous. The first reference was brought out on defendants' cross-examination of plaintiff's witness Dewey, regarding discounts on repairs. Other references were in giving details of conversations, or as to discounts. In no place was there any attempt by plaintiff's counsel to inject such matter into the case. Much went in without objection at the time, but later a motion, general in its nature, was made that such testimony be deleted

from the record, which motion was overruled. Even under objection the testimony as introduced, without evident intention, was not of such character as to bring it within our rules, or to require it to be stricken. See Bauer v. Reavell, 219 Iowa 1212, 260 N. W. 39; Stilson v. Ellis, 208 Iowa 1157, 1169, 225 N. W. 346, 352, and cases cited. We find no error in the action of the court as to this assignment.

We have examined the record and arguments of counsel with cases cited and, finding no error, the case is affirmed.—Affirmed.

RICHARDS, C. J., and STIGER, SAGER, BLISS, OLIVER, and MILLER, JJ., concur.