I. P. LATHROP, Appellee, v. HELEN KNIGHT, Appellant; HERALD
PUBLISHING Co., Appellee; S. & M. FINANCE Co.,
Intervenor, Appellee.

No. 45512.

APRIL 8, 1941.

Putnam, Putnam, Fillmore & Putnam, Kern & Faville, Helmer & Minnich, for appellant.

Doran & Doran and Saul & Sweany, for I. P. Lathrop, appellee.

Reynolds, Meyers & Tan Creti, for Herald Publishing Company, appellee.

E. C. Corry, Jr., and White & Bruner, for S. & M. Finance Company, intervenor-appellee.

MITCHELL, J.—This is an intersection case. The place where the collision occurred is known as a four-corner intersection, about a mile and a half to three quarters south of the town of Ralston, Greene county, Iowa. The north and south road across the intersection is on the county line between Greene and Carroll counties, and is a county trunk highway. The east and west road intersects at right angles with the north and south road. Both roads were graveled. The graveled portion of the north and south road, south of the intersection, is 22 feet. The graveled portion of the east and west road, west of the intersection, is 15 feet, and east of the intersection, 28 feet.

Helen Knight delivered papers for the Herald Publishing Company of Carroll. She furnished the car, and the route she traveled daily was about 82 miles. On August 1, 1938, Helen Knight, driving a new Ford sedan, left Carroll at approximately 4:00 p. m., to deliver newspapers to various towns. At about 6:00 p. m., she was traveling north on the county trunk highway toward the four-corner intersection. I. P. Lathrop drove a Plymouth east on the east and west road toward the same intersection. He testified that he stopped his car and looked to the south and saw no car approaching, and then drove into the intersection at a rate of speed between 12 and 15 miles per hour. The Knight car and the Lathrop car collided at a point east of the center of the graveled portion of the north and south county trunk road. The left front of the Knight car struck the Lathrop car, behind the right front wheel.

Lathrop commenced this action against Helen Knight and the Herald Publishing Co., basing his claim against the Herald Publishing Co. upon the theory of a relationship of employer and employee between the Herald Co. and Helen Knight. The S. & M. Co. intervened in the action, claiming it was the owner of the Lathrop car under a conditional sales contract. There was a motion to strike the petition of intervention, which was sustained. The S. & M. Co. has not appealed. At the close of plaintiff's evidence, both Helen Knight and the Herald Co. moved for a directed verdict. The court sustained the motion of the Herald Co., and overruled the motion of Helen Knight. No appeal was taken from the ruling of the lower court directing a verdict in favor of the Herald Publishing Co. Helen Knight renewed her motion for a directed verdict at the close of all the evidence, and the court again overruled it. The case was submitted to the jury, which returned a verdict for the plaintiff. Helen Knight filed a motion for a new trial and for judgment notwithstanding the verdict, which was overruled. She has appealed.

Better than half of the able brief of the appellant is directed to the contention that the trial court erred in overruling her motion for a directed verdict, predicated upon the claim that the appellee's evidence establishes conclusively that the appellee was guilty of contributory negligence as a matter of law,

because he failed to yield the right of way to the appellant, because he proceeded into the intersection when he knew there was imminent danger and because he failed to maintain a proper lookout.

In passing upon appellant's motion for a directed verdict, it was the duty of the trial court to consider the evidence in the light most favorable to the appellee, and to consider all of the evidence, not merely that of the appellant.

It is the contention of the appellant that appellee was contributorily negligent because he failed to yield the right of way.

There is evidence from which the jury could find that as Lathrop approached this intersection he stopped his car and looked to the south, that he could see a distance of from 130 to 200 feet south on the county trunk highway, that he saw no car approaching. To overcome this evidence, the appellant argues that the physical facts show that if appellee looked to the south and could see a distance of 130 feet as he testified, he would have seen the Knight car. Appellant says that appellee traveling at a rate of speed between 12 and 15 miles an hour would traverse 37 feet in about one and one-half seconds. That appellant traveling at the rate of 50 miles an hour, which appellant says is three and one-third times as fast, would travel about 110 feet, and that appellant's car would have been within the distance appellee said he could see. Of course, the jury could have found that appellee was only traveling at the rate of speed of 12 miles an hour, which would make the appellant traveling at a rate a little over four times as fast. Then there is, evidence of an admission made by the appellant that she was traveling better than 50 miles an hour. The trouble with appellant's theory is that there is other evidence than that which they rely upon to prove what they call the physical facts. Appellant claims that appellee should have observed the approach of appellant's car. Appellee testified that he looked and did not see the car approaching, that he could see a distance of between 130 and 200 feet. There is evidence in this record upon which the jury could have found that appellee could have looked down to the south, and that appellant's car was not then within the range of his view which was between 130 and 200 feet. Appellant claims that the rate of speed of appellant's car is fixed at 50

miles per hour, with this we do not agree. There is testimony that Mrs. Knight herself said after the accident that she was traveling better than 50 miles per hour. True this is denied, but it was for the jury to determine which story it would believe.

Finally appellant argues that appellee was guilty of contributory negligence for failing to make an efficient observation, that the weeds and corn were over seven feet all along the south side of the east and west road upon which appellee was traveling and that these weeds extended east of the culvert at which he made his observation.

Appellee testified to the fact that he looked, and that he could see down the road to the south a distance better than 130 feet; that there was no car approaching from the south; that he then looked to the north, and then started into the intersection. When he reached about the center, he again looked to the south and saw appellant's car. He was better than halfway across the intersection when appellant ran into his car. There is no evidence in the record to dispute the claim that appellee looked to the south and could see better than 130 feet, before he entered the intersection.

In Short v. Powell, 228 Iowa 333, 291 N. W. 406, Justice Sager had this to say relative to a collision at an intersection and the question of contributory negligence. In this case the trial court had sustained a motion for directed verdict and this court reversed. We find this language used on page 335 of 228 Iowa, page 407 of 291 N. W.:

"Whether the court was in error in deciding the case as a matter of law, or whether it should have submitted the case to the jury for determination, is before us on this appeal. We have so frequently held as to require no citation in its support, that where reasonable minds may reach different conclusions from the facts presented, the case is one for the jury. Can it be said then under a record like this that the plaintiff's negligence and its proximate relation to the damage is so clear that there can be no ground for reasonable difference of opinion? The trial court by its ruling answered in the affirmative but we hold it was in error.

"It is to be remembered that when speeds and distances are

spoken of, we are dealing with estimates and not with certainties. For that reason we think it is to no purpose to make computation (as the parties do in argument) to prove as established fact that either or both of the drivers should have done or omitted doing certain things in the exercise of reasonable care. The case is one in which the comment of Mitchell, J., in Eby v. Sanford, 223 Iowa 805, 273 N. W. 918, 919, is peculiarly apt, though in that case there was dispute in the evidence while here there is none: 'We are dealing in fractions of seconds, and courts cannot say as a matter of law which of the two parties was to blame. The question is for the jury to decide upon the evidence submitted.' "

In Pierce v. Dencker, 229 Iowa 479, 294 N. W. 781, an intersection collision case, this court speaking through Chief Justice Hale, said on page 484 of 229 Iowa, page 783 of 294 N. W.:

"Defendants' second ground of complaint, the court's refusal to sustain their motion for directed verdict on the ground of plaintiff's contributory negligence, is not borne out by the evidence. We have so many times held that contributory negligence is ordinarily a question for the jury and that, if there is any evidence tending to establish plaintiff's freedom from contributory negligence, that question is one for the jury, that authorities need hardly be cited. But see Huffman v. King, 222 Iowa 150, 268 N. W. 144, and cases therein cited. Adjudicated cases are of comparatively little value in determining under varying facts the question of contributory negligence."

In the very recent case of Stein v. Sharpe, 229 Iowa 812, 295 N. W. 155, this court was confronted with a fact situation very similar to the one in the case at bar, and we there held that it was a question for the jury. The lower court was right in overruling the motion to direct.

It is next argued that the court erred in certain instructions. The appellant submitted to the lower court certain requested instructions, seven of which the court gave as requested. To say the least they were extremely favorable to the appellant.

We quote instruction No. 24, one prepared by the appellant, and submitted to the jury by the lower court as so prepared:

"One observation may not be sufficient under the law, and where conditions are such that a person making an observation at some distance back from the highway is obstructed in his view, it may become necessary for him to again make an observation at a point where the view is not obscured before undertaking to enter into the highway. The law requires of the plaintiff in this case that he make such observation or observations as an ordinary or prudent man would have done under the same conditions, and if you find from the evidence that the plaintiff, I. P. Lathrop, made only one observation to the south, which was the direction from which the defendant's car was approaching, and that at the place where he made such observation his view was obscured so that he could not see down the road for a distance of more than 130 to 150 feet, and you further find that the ordinary prudent person before driving into the intersection in question would have made another observation to the south at some other point where his observation was not obscured, and you find that the plaintiff, I. P. Lathrop, did not make any such other observation, then his failure to do so would be negligence on his part and he could not recover in this case."

We have said time again that the instructions must be read as a whole, and in passing upon the sufficiency of the instructions, all instructions given must be considered. We find no error in the instructions.

Finally, it is argued that the court erred in overruling appellant's motion to withdraw from the consideration of the jury appellee's specification of negligence No. 4, which charged the appellant with negligence because of her failure to maintain a proper lookout.

There was evidence from which the jury could have found that appellant could have seen appellee's car for a distance of better than 130 feet had she been maintaining a proper lookout, and that she could have stopped her car within 70 feet. Thus the question of lookout was properly submitted.

Finding no error, it necessarily follows that the case must be and it is affirmed.—Affirmed.

HALE, C. J., and SAGER, OLIVER, BLISS, GARFIELD, STIGER, WENNERSTRUM, and MILLER, JJ., concur.